IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DELRICO CLYBURN,

      Defendant.

Criminal No. 18-00150
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court is Defendant's Motion to Review Detention Order (ECF 301) and the Government's Response to same. ECF 323. For the reasons that follow the Court will affirm the decision reached by Magistrate Judge Cynthia Eddy to detain Defendant.

**CASE HISTORY**

Defendant was charged in an Indictment, along with 10 other co-defendants, of one count of conspiracy to possess with intent to distribute and distribute a quantity of heroin from November 2017 through June of 2018 in violation of 21 U.S.C. § 846. Following Defendant's arrest, the Government requested that he be detained before trial. ECF 65. United States Magistrate Judge Maureen P. Kelly issued an Order scheduling a detention hearing and ordered that Defendant be temporarily detained until the June 25, 2019 hearing before Magistrate Kelly. ECF 66. On June 25, 2019, Defendant signed a waiver of his detention hearing and was therefore, detained by Magistrate Judge Kelly. ECF 121.

Subsequently, Defendant instructed his attorney to file a Motion for Detention Hearing. See 18 U.S.C. § 3142(f) (Release or Detention of Defendant Pending Trial). ECF 189. Doc.

No. 122.) On August 16, 2018, Defendant filed his Motion for a Detention Hearing (Doc. No. 189), and on the same day, United States Magistrate Judge Lisa Pupo Lenihan granted Defendant's Motion. United States Chief Magistrate Judge Cynthia Eddy was assigned to the matter and a detention hearing was scheduled for August 20, 2019.

      During the hearing Defendant's counsel argued that Defendant should be released on bond with electronic monitoring, claiming that he had no adult convictions for crimes of violence, possessed strong ties to the community, and could reside with his girlfriend and possibly get a job at Bakersfield Restaurant. ECF 210, p. 3-5. However, when asked, counsel for Defendant admitted that an active parole detainer which had been lodged against Defendant had not been cleared and there was no legal argument he could make in that regard. Id., p. 5.

      The Government, in response to Defendant's request to be released, proffered the indictment as evidence of probable cause and a copy of the detainer. Id., p. 6. The detainer document (Ex. 6) which was entered into evidence during the hearing illustrated that Defendant was on active parole supervision from March 13, 2018[1] through August 7, 2019. Id. The Government also presented evidence in the form of testimony from FBI task force street crime agent, Craig Pavlovsky, who testified that while he was investigating Co-Defendant, Monta Banks, Defendant (Delrico Clyburn) was intercepted over the wiretapped phone lines of Monta Banks. Id. 7-10. During the portions of the wiretaps which were played for Chief Magistrate Judge Cynthia Eddy, one recording from March 13, 2018 indicated that Defendant told Monta Banks he had fentanyl and heroin and that he was not willing to sell it at a discounted price. Id., p. 11-14. In another recording, this one taken on March 24, 2018, Defendant told Monta Banks that he had a whole ounce of heroin. Id., p. 16. In a third, and final recorded call, this one

---

[1] Defendant may have been paroled two days earlier, on March 11, 2018. See ECF 210, p. 6.

between Monta Banks and Brett Rogers on March 29, 2018, Monta Banks tells Brett Rogers that he will be giving specific stamp bags of heroin to Defendant. Id., p. 17-19.

In addition to the wiretap evidence the Government also presented Chief Magistrate Judge Eddy with a police report relating Defendant's prior criminal history beginning with an arrest on July 18, 2008. Id., p. 19. At that time, Defendant and Brett Rogers were arrested for trespassing at Greenway Park Apartments which was under surveillance as being the base for a street gang known as GBK – Greenway Boy Killas. Id., p. 19-20. Agent Pavlovsky testified that his 2008 investigation into GBK, led to the identification of Defendant and Brett Rodgers as associates or members of the GBK gang. Id., p. 20.

A second police report, dated August 10, 2010, was also submitted as evidence. This Report indicates that Pittsburgh Police officers conducted an undercover drug buy of heroin from Defendant. Id., p. 20-21. Defendant attempted to flee the scene in a car but in his attempt to get away and crashed into a police vehicle. Id., p. 21-22.

After receiving the evidence and argument of counsel, Chief Magistrate Judge Eddy entered an Order on August 20, 2018, detaining Defendant. ECF 194. Her Order set forth findings of fact and presumptions which led to her decision. Id.

**LEGAL STANDARD**

Although the Bail Reform Act, 18 U.S.C. §3141, *et seq*., does not expressly require this Court to conduct a *de novo* review over the detention order of Chief Magistrate Judge Eddy, the United States Court for the Third Circuit noted that "nothing in the [Bail Reform] Act suggests that Congress intended to change that practice." *United States v. Ottey*, 2018 WL 1610234, *1 (W.D. Pa. April 3, 2018), *citing United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). This Court is not required to conduct an additional or independent evidentiary hearing. *Id.*

Thus, this Court has carefully conducted a *de novo* review of the August 20, 2018 hearing transcript, the exhibits accepted as evidence during the hearing, and Chief Magistrate Judge Eddy's August 20, 2018 Order detaining Defendant.

The Court must also consider the law governing the "presumption" of detention, which is described as follows:

> Where the record reflects probable cause to believe the defendant has committed a crime of violence or an offense for which the maximum term of imprisonment is ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801, *et seq*., the Bail Reform Act creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person in the community. 18 U.S.C. § 3142(e); *United States v. Perry*, 788 F.2d 100, 106 (3d. Cir. 1986). A defendant may rebut the presumption by presenting "some credible evidence" that he will not pose a threat to the community upon his release. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (to rebut the presumption "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community.") citing *United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985); *United States v. Giampa*, 755 F.Supp. 665, 668 (W.D. Pa. 1990). *United States v. Turner*, 2008 WL 4186212 *1 (W.D. Pa. 2008).

Finally, before detaining Defendant, this Court must consider four factors in accordance with 18 U.S.C. § 3142(g) which are:

(1) the nature and circumstances of the offense;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including his character, family, employment, finances, length of residence, ties to community; drug abuse history, criminal history and record of appearance at court proceedings and whether he was on bond at the time of the charged offense; and

(4) the nature and seriousness of the danger posed by the person's release.

**DISCUSSION**

Beginning with its obligation to consider the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person in the community, the Court first notes that 18 U.S.C. § 3142(e) provides that where there is probable cause to believe that the defendant has committed a violation of the Controlled Substances Act (21 U.S.C. § 801 *et seq*.), which carries a maximum penalty of ten years or more, there is no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

In this case, in light of the nature of the charges, the rebuttable presumption has been triggered. However, during the August 20, 2018 detention hearing, Defendant attempted to rebut this presumption by presenting "some credible evidence that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 599, 560 (3d Cir. 1986). As a result, this Court must consider the four factors set forth in 18 U.S.C. § 3142(g). If at the end of this analysis, Defendant adequately rebuts the presumption, the burden shifts back to the Government to prove Defendant poses a threat of flight and a threat of dangerousness to the community. *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

This Court has reviewed the transcript of the proceedings conducted by Chief Magistrate Judge Eddy, has considered the additional arguments set forth in the Parties' submissions to this Court, and in accordance with the guidelines set forth in the Bail Reform Act, this Court finds that Defendant has failed to rebut the statutory presumption, and none of the four factors weigh in favor of his release.

**Factors 1 and 2**

As to factors one and two (nature of the offense and weight of the evidence), the August 20, 2018 hearing transcript make it clear that there was wiretap evidence implicating Defendant in a conspiracy with at least one other Co-Defendant, Monta Banks, to sell heroin. These wiretaps combined with the testimony elicited from FBI agent Pavlovsky substantiates this finding and further supports the weight given by this Court to the wiretap evidence.

**Factor 3**

As to factor three (the history and characteristics of Defendant, including his character, family, employment, finances, length of residence, ties to community; drug abuse history, criminal history and record of appearance at court proceedings and whether he was on bond at the time of the charged offense), the Court finds that this factor also weighs in favor of detention. Notably, Defendant was on active parole supervision from March 13, 2018[2] through August 7, 2019, and one of the three wiretaps offered as evidence illustrates Defendant's participation in the conspiracy on the very day he was paroled. This Court has recognized the danger of drug trafficking in general, and the specific danger that addictive opioid drugs (such as the heroin at issue here) pose to the community. If Defendant were not detained, given his recent past history in allegedly engaging in drug activities from the first (or third day) day of his parole, this Court would have grave concerns about his commitment to remain free of the drug trade.

In addition, although Defendant's counsel argued that Defendant had never committed a violent crime, evidence was presented showing that he did in fact have a criminal history related to drugs and was affiliated with a local gang. This history weighs also against his release. Furthermore, despite the fact that Defendant's counsel claimed Defendant could "return" to work

---

[2] Defendant may have been paroled on March 11, 2018. See ECF 210, p. 6.

at Bakersfield Restaurant, no evidence of that employment was offered and thus, his lack of any real employment history supports the finding of detention.

**Factor 4**

Finally, the fourth factor, the nature and seriousness of the danger posed by Defendant's release, is substantial. Defendant's criminal record, his lack of any real employment history, and his history of committing offenses – specifically the immediate offense – while on parole, demonstrate the danger posed to the community if Defendant were to be released on bond.

**CONCLUSION**

Accordingly, for all the reasons set forth herein, this Court will AFFIRM the decision of United States Chief Magistrate Cynthia Eddy to deny Defendant's release on bail. Defendant's Motion to Review Detention Order ([ECF 301](ECF 301)) is therefore DENIED.

**SO ORDERED, this 23rd day of May, 2019 by,**

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record